UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAMELA GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO.: _____ |
| WELLSTAR HEALTH SYSTEM, ) | |
| INC.; GROUP LIFE INSURANCE ) | |
| PROGRAM OF WELLSTAR ) | |
| HEALTH SYSTEMS, INC.; ) | |
| and LIFE INSURANCE ) | |
| COMPANY OF NORTH ) | |
| AMERICA, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Pamela Greene (the "Plaintiff"), and brings this Complaint against the WellStar Health System, Inc. ("WellStar"), Group Life Insurance Program Insurance Plan of WellStar Health Systems, Inc. ("the Plan"), and Life Insurance Company of North America ("LINA") (collectively the "Defendants"), pursuant to the provisions of the Employee Retirement Income Security Act of 1974, § 502(a)(1)(B) and § 502(a)(3), as amended, 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3) ("ERISA").

320210.1

1

## PARTIES AND JURISDICTION

1.

The Plaintiff, a resident of Douglas County, Georgia, brings this action against the Defendants, seeking to recover benefits due to her under the terms of an ERISA life insurance plan, and to enforce the terms of the plan.

2.

WellStar is a domestic corporation and it may be served by serving its registered agent, Leo B. Reichert, at 805 Sandy Plains Road, Marietta, Georgia, 30066.

3.

The Group Life Insurance Program Insurance Plan of WellStar Health System, Inc. is an entity that may be sued pursuant to 29 U.S.C. § 1132(d)(1), and it may be served by serving the Secretary of Labor.

4.

LINA is a foreign corporation registered with the Georgia Secretary of State to conduct business in the State of Georgia, and it may be served by serving its registered agent, Dale W. Morris, C/O CT Corporation System, 1201 Peachtree Street N.E., Atlanta, Georgia, 30361.

5.

Jurisdiction in this action is properly placed in this Court pursuant to the provisions of 29 U.S.C. § 1132(e)(1), because this action is brought by a beneficiary of an ERISA plan.

6.

Venue in this action is properly placed in this Court pursuant to 29 U.S.C. § 1132(e)(2), because the breach of the plan provisions occurred in this district.

## STATEMENT OF FACTS

7.

The Plaintiff, as an employee of WellStar Health System, Inc. was eligible to participate in the group insurance plan at issue in this case. The Plaintiff enrolled in the Plan, which had an effective date of January 1, 2010. The Plan is attached hereto as Exhibit "A."

8.

The Plan is a life insurance plan for Prestal Greene, the Plaintiff's dependent spouse. The coverage became effective on July 1, 2010.

9.

The Plaintiff is the named beneficiary of the Plan.

10.

Prestal Greene died on February 8, 2012. The Plaintiff submitted timely notice of the covered event to Cigna, the parent company of LINA.

11.

Cigna denied payment of the life insurance benefit on August 23, 2012. Cigna claimed that Mr. Greene was "confined to his or her home under the care of a physician" prior to the effective date of the coverage, thus the Plan never went into effect prior to Mr. Greene's death. The letter of the claim denial dated August 23, 2012 is attached hereto as Exhibit "B" (the "Initial Denial Letter").

12.

The Plaintiff formally appealed the denial of benefits under the Plan by letter on October 19, 2012. Mr. Greene was not "confined to his home under the care of a physician" on the effective date of the Plan, July 1, 2010. The formal letter of appeal dated October 19, 2012 is attached hereto as Exhibit "C" (the "Appeal Letter").

320210.1

13.

Cigna again denied payment of the benefit claim by letter on February 21, 2013. Cigna claimed that the policy never went into effect as Mr. Greene was either "confined to home" or in an inpatient center from July 1, 2010, until the time of his death. The final denial of claim letter dated February 21, 2013 is attached hereto as Exhibit "D" (the "Final Denial Letter").

14.

The Plaintiff has exhausted all administrative levels of appeal with the Defendants and Cigna.

15.

There are no definitions for either "homebound" or "confined to his or her home under the care of a physician" contained within the Plan.

16.

Mr. Greene was not "homebound," nor was he "confined to his home under the care of a physician" on July 1, 2010.

17.

Mr. Greene was not under the care of a home health caregiver on July 1, 2010, and his doctor had not suggested that he needed it at that time.

18.

On August 28, 2012, Dr. Lah, one of Mr. Greene's physicians, did sign a letter on Cigna letterhead that stated that Mr. Greene was confined at home under the care of a physician on July 1, 2010. However, this is not consistent with the rest of the documentation received from Dr. Lah's office.

19.

Dr. Lah's notes from the time period in question do not state that he was confined at home under Dr. Lah's care. Furthermore, Dr. Lah did not check on him at home, nor did Dr. Lah have him on home health care. In addition, there is no evidence that he created a plan of care for Mr. Greene in the home, and he did not bill the insurance company for this service.

20.

Even if it was determined that Mr. Greene was confined at home under the care of Dr. Lah, Dr. Lah's care ended on December 7, 2010.

21.

Dr. Lowman, Mr. Greene's primary care physician, has declared that Mr. Greene was not confined at home under his care.

22.

Mr. Greene did not go into hospice care at his home until May 2011.

23.

Therefore, even if it is determined that Mr. Greene was confined at home under the care of a physician as of July 1, 2010, that ended on December 7, 2010 once Dr. Lah was no longer providing care, and Mr. Greene was not confined at home under the care of any other physician. The Plan would then have an effective date of December 7, 2010.

24.

Mr. Greene was not difficult to take out of the house, and he left the house for more than just medical appointments or to attend church.

25.

Mr. Greene was able to fly on a commercial flight to Wisconsin on June 17, 2010, in order to attend his nephew's wedding. He was capable of attending the wedding, and of conversing with other guests. While in Wisconsin, he was also capable of feeding himself, dressing himself, and handling bodily functions.

26.

On July 25, 2010, twenty-four days after the effective date of the Plan, Mr. Greene was able to travel to Warner Robins, Georgia, where he was able to ride as a passenger in a Piper Cherokee plane his son was flying. He was also capable of eating at a restaurant and feeding himself.

27.

Mr. Greene was capable of leaving the house for extended day trips, as well. On April 17, 2010, Mr. Greene spent the day in Atlanta with his family. He visited the High Museum of Art, ate at the Varsity restaurant, attended a Georgia Tech baseball game, ate at a French-American bistro, and attended an Atlanta Braves baseball game.

28.

Mr. Greene did not need a wheelchair in order to leave the house until well after the effective date of the Plan. A wheelchair ramp did not need to be installed at his home until February of 2011.

## COUNT I

## REQUEST FOR PAYMENT OF BENEFITS

29.

The Plaintiff restates the allegations of paragraphs numbered 1 through 28 as the respective paragraphs of this Count.

30.

Pursuant to the provisions 29 U.S.C. § 1132(a)(1)(B), the Plaintiff seeks relief from the Court which will allow her to recover benefits due to her under the terms of her Plan.

31.

Absent relief by this Court, the Plaintiff will continue to be deprived of her benefits and her rights under the terms of the Plan.

## COUNT II

## REQUEST FOR ATTORNEY'S FEES AND EXPENSES OF LITIGATION

32.

The Plaintiff restates the allegations of paragraphs numbered 1 through 31 as the respective paragraphs of this Count.

320210.1

33.

Defendants' conduct, as described herein, has caused the Plaintiff unnecessary trouble and expense, lacks substantial justification, and has been undertaken in bad faith.

34.

The Plaintiff is entitled to an award of attorney's fees and expenses of litigation for their representation in this matter.

WHEREFORE, the Plaintiff prays as follows:

(a) That process issue and the Defendants be served as required by law;

(b) That the Court order payment of benefits due to the Plaintiff under the terms of the Plan;

(c) That the Court award prejudgment interest on the benefits owed;

(d) That the Court enforce the Plaintiff's rights under the Plan;

(e) That the Court grant to the Plaintiff an award of attorney's fees and expenses of litigation for her representation in this matter; and

(f) That the Plaintiff has such other and further relief as the Court may consider equitable and appropriate.

This 17th day of December, 2013.

                              Respectfully submitted,

                              HARTLEY, ROWE & FOWLER, P.C.

                              <u>s:/Joseph H. Fowler</u>
                              Joseph H. Fowler
                              State Bar No. 271950
                              Attorney for Plaintiff

Post Office Box 489
Douglasville, Georgia  30133-0489
770/920-2000
*jfowler@hrflegal.com*

320210.1

11

STATE OF GEORGIA

COUNTY OF DOUGLAS

## VERIFICATION

BEFORE ME, an officer authorized by law to administer oaths, came PAMELA GREENE, who being duly sworn deposes and states on oath that the facts contained in the within and foregoing <u>COMPLAINT</u> are true and correct.

This 28th day of August, 2013.

_____
PAMELA GREENE

Sworn to and subscribed
before me this 28 day of
August, 2013.

_____
NOTARY PUBLIC
My commission expires 8/18, 2014

320210.1

12

## CERTIFICATION UNDER L. R. 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for the Plaintiff hereby certify that the above and foregoing pleading is a computer document prepared in Book Antiqua (13 point) font in accordance with Local Rule 5.1B.

So certified this 17th day of December, 2013.

                              HARTLEY, ROWE & FOWLER, P.C.

                              s:/Joseph H. Fowler
                              Joseph H. Fowler
                              Georgia Bar No. 271950
                              Attorney for Plaintiff

P.O. Box 489
Douglasville, Georgia 30133
770-920-2000
770-920-9119 Fax
jfowler@hrflegal.com

320210.1